## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | | |
|---|---|---|
| SONIA SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 3:17cv00310-JJV |
| Deputy Commissioner for Operations, | * | |
| performing the duties and functions not | * | |
| reserved to the Commissioner of Social | * | |
| Security, | * | |
| Defendant. | * | |

### MEMORANDUM AND ORDER

Ms. Smith has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which she could perform despite her impairments. (Tr. 15-26.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty-seven years old at the time of the administrative hearing. (Tr. 35.) She is a high school graduate and attended college for approximately eighteen months. (*Id.*) Plaintiff has no past relevant work. (Tr. 25.)

The ALJ[1] found Ms. Smith had not engaged in substantial gainful activity since August 10, 2015, the alleged onset date. (Tr. 17.) She has "severe" impairments in the form of generalized anxiety disorder, mood disorder, obesity, fibromyalgia, hypertension and sleep apnea. (*Id.*) The ALJ further found Ms. Smith did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17-19.)

The ALJ determined Ms. Smith had the residual functional capacity to perform a reduced range of light work given her physical and mental impairments. (Tr. 19.) The ALJ determined Ms. Smith had no past relevant work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 45-49.) Based on the expert's testimony, the ALJ concluded Ms. Smith could perform the jobs of cashier,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

housekeeper, assembler, and inspector.  (Tr. 26.)   The jobs of cashier and housekeeper are jobs performed at the light exertional level and the jobs of assembler and inspector are classified as sedentary jobs.  (Tr. 47-48.)   Accordingly, the ALJ determined Ms. Smith was not disabled. (Tr. 26.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.   (Tr. 1-3.)   Plaintiff filed the instant Complaint initiating this appeal.   (Doc. No. 2.)

In support of her Complaint, Ms. Smith argues that the ALJ's residual functional capacity assessment was flawed.  (Doc. No. 11 at 21-26.)   Ms. Smith raises several points in advancing her argument.  She says, "This functional capacity finding is not supported by the evidence. First, and most important, it is contrary to the medical source statements completed by [Angela] McKinness [Advanced Practice Registered Nurse]."   (*Id.* at 21.)

Ms. McKinness completed physical and mental Medical Source Statements and concluded Ms. Smith has physical limitations that likely render her incapable of performing light work.   (Tr. 413-417.)   Ms. McKinness also reported that Ms. Smith had "moderate" mental limitations.

Although the Commissioner argues Ms. McKinness does not technically qualify as an "acceptable source" under the regulations, clearly she is qualified to provide an opinion as to Plaintiff's abilities and limitations.   And while I find the opinions of Ms. McKinness to be relevant and worthy of consideration, I also find the ALJ gave them proper consideration.

The ALJ considered this evidence and gave "little weight" to the physical assessment because ". . . it appears based primarily on the claimant's subjective complaints and is inconsistent with physical examinations that show primarily benign findings."   (Tr. 24.)   With regard to Ms. McKinness's mental assessment, the ALJ gave her opinions "some weight" because her "use of

'moderate' suggests the claimant does not demonstrate any significant decline in her overall mental functioning, which is consistent with the record that shows the claimant can present in a socially adequate manner, can perform activities of daily living independently, and has improved functioning with medication." (*Id.*)  I find no reversible error in the ALJ's assessment of this evidence.

While Plaintiff surely disagrees, the opinions of Ms. McKinness in many respects support a conclusion that Plaintiff is capable of performing a reduced range of light work.  Her opinions do show limitation.  And I am concerned with her assessment that Plaintiff would be required to miss about two days of work each month.  However, the ALJ discounted Ms. McKinness's opinions and had the support in the record to do it.  The treatment notes from Vonda G. Houchin, M.D., fail to support an allegation of complete disability.  (Tr. 349-361, 401-411.)  And the Mental Diagnostic Evaluation by Catherine Hubbard Adams, Ph.D., appears overall consistent with the ALJ's residual functional capacity assessment.

Plaintiff also disagrees with the ALJ giving "great weight to those agency physicians who have never seen her."  (Doc. No. 11 at 24.)  But I am unable to agree with Plaintiff that these opinions are automatically entitled to "little weight."  (*Id*.)  Here, Charles Friedman, M.D., and James Wellons, M.D., evaluated the entire medical record and provided fairly detailed physical residual functional capacity assessments.  (Tr. 85-86, 100-101.)  The same is true for the mental residual functional capacity assessments performed by Nick Rios, Psy.D., and Christal Janssen, Psy.D.  (Tr. 87-89, 101-103.)  Accordingly, I find no error in the ALJ's reliance on these opinions.

Ms. Smith has a number of impairments and I am sympathetic to her claims.  But to find her disabled would require heavy reliance on Ms. Smith's subjective complaints.  Although

Plaintiff disagrees, the ALJ properly discounted those complaints. (Tr. 19-25.) The ALJ's credibility assessment was sound given the lack of medical evidence in support of Plaintiff's allegations, and Plaintiff's functional capabilities. See *Thomas v. Sullivan*, 928 F.2d 255, 259-60 ( 8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989).

I also recognize Plaintiff's arguments regarding her fibromyalgia. I take seriously her contention that there is often misunderstanding of the "nature of fibromyalgia." (Doc. No. 11 at 23.) I am always greatly concerned about assessing the subjective allegations of a person suffering from this extremely stealthy and crippling illness. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision in this case. Said another way, Plaintiff has simply not met her burden of proving she is disabled.

Plaintiff has advanced other arguments which I find are without merit. As usual, Ms. Smith's counsel has done an excellent job of advocating for her client here. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372

F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 17th day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE